FILED
2008 Jun-02  PM 03:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | | |
|---|---|---|
| **MOLLIE L. COTTONHAM,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.:** |
| | ) | |
| | ) | |
| **PALISADES COLLECTION,** | ) | |
| **LLC., a corporation; REDLINE** | ) | |
| **RECOVERY SERVICES, LLC,** | ) | |
| **a corporation;** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, in the above styled cause, and for her Complaint against the Defendants states as follows:

### Jurisdiction & Venue

1.  This is an action brought by a consumer for violations of the Fair Debt Practices Act[1] (15 U.S.C. § 1692 et seq. [hereinafter "FDCPA"]). Therefore, subject matter jurisdiction exists under 28 U.S.C. Section 1331.

2.  This action is also brought under Alabama state law. These claims are brought under 28 U.S.C. Section 1332 as there exists complete

---

[1] Any reference to the FDCPA or any part thereof encompasses all relevant parts and subparts thereto.

diversity and the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000), exclusive of costs and interests.

3.    The state law claims are also properly before this court based upon supplemental jurisdiction under 28 U.S.C. Section 1367 as the state law claims form part of the same case or controversy as the federal claims as they are based upon substantially similar and overlapping facts.

4.    Venue is proper in this Court under 28 U.S.C. Section 1391(b) as the events took place in this Judicial District and the Defendants do business in this Judicial District.  Thus, all Defendants are subject to personal jurisdiction in this Judicial District.

## Parties

5.    The Plaintiff, Mollie L. Cottonham ("Plaintiff"), is a natural person who resides within this Judicial District.

6.    Defendant Palisades Collections, LLC ("Defendant" or "Palisades") is a foreign company that engages in the business of debt collection and reporting consumer credit information to credit reporting agencies.  It conducts business in this Judicial District.  Its principal place of business is the State of Kansas and it is incorporation in Kansas.

7.     Defendant Redline Recovery Services, LLC ("Defendant" or "Redline") is a foreign company that engages in the business of debt collection and reporting consumer credit information to credit reporting agencies.  It conducts business in this Judicial District.  Its principal place of business is the State of New York and it is incorporation in Georgia.

## Factual Allegations

8.     In August 2006, Defendant Palisades sued Plaintiff in the District Court of Talladega, Alabama, with a case number of SM-06-100774.

9.     In this suit, Defendant Palisades asserted it was the owner of a certain debt allegedly owed by Plaintiff and asserted it was owed $2,017.10, made up of $2007.53 plus $9.57 in interest.

10.    Plaintiff filed an Answer denying the allegations of Defendant Palisades.

11.    The state court set the case for trial.  Notice was sent to Defendant Palisades and Plaintiff.

12.    At all times Plaintiff was prepared for trial.

13.    The case resulted in a Dismissal With Prejudice.  See Exhibit "A".

14.    Defendant Palisades is not the owner of this alleged debt.

15.   Defendant Palisades reported and has continued to report to the credit reporting agencies as recently as March 2008 that Plaintiff owed this money and was in default.

16.   Plaintiff did not and does not owe this money to Defendant Palisades.

17.   The debt being collected is a consumer debt as defined by the FDCPA.

18.   Plaintiff is a "consumer" as defined by the FDCPA.

19.   Defendant Palisades is a "debt collector" as defined by the FDCPA.

20.   After the victory at trial, Palisades continued to update the credit reporting to the Credit Bureaus to show that Plaintiff still owed Palisades $2007.

21.   Palisades updated these credit reports willfully and intentionally.

22.   Palisades continued to update these credit reports to assist it in attempting to collect this alleged debt.

23.   Palisades  refused to rely upon and chose to ignore what the state court judge actually said – judgment for Plaintiff Cottonham.

24.   At some point after the verdict against Palisades, and within the last eleven months, it placed the account for collection with Defendant Redline, a debt collector.

25.    Palisades intentionally placed this account with another debt collector, Redline, in an attempt to collect a debt it knew or should have known it had no right to collect.

26.    The judgment in favor of Cottonham means she does not owe the money claimed by Defendant Palisades.

27.    The state court ruling was a final judgment.

28.    There is no avenue for appeal for Defendant Palisades of this judgment as the time to appeal has long since passed.

29.    Redline wrote Ms. Cottonham on or about April 12, 2008 a dunning letter attempting to collect the Palisades debt.

30.    According to the dunning letter, Redline is collecting a Palisades debt in the amount of $2,007.53 (the same alleged "principle" amount which Palisades had previously sued on and lost).

31.    Redline attempted to collect a debt that Palisades had previously sued on and lost as the case was dismissed with prejudice in Cottonham's favor.

32.    Redline attempted to collect on a debt that Cottonham legally did not owe.

33.    Redline attempted to collect on a debt it knew or should have known it had no legal right to collect.

34.   Defendant Palisades has a policy and practice to ignore the judgment of the trial court and to falsely report to the credit bureaus and to attempt to collect on debt it knows it is not legally entitled to collect on.

35.   The importance of keeping balances on credit reports is that all the Defendants understand that one of the most powerful methods furnishers (and debt collectors) have to wrench payment from a consumer is by placing accounts with balances on the consumer's credit reports.

36.   Defendant Palisades has a policy and procedure to refuse to properly update credit reports of consumers, like Plaintiff, who do not owe the alleged debt.   The reason is to keep false information on the credit report.   The false information consists of a balance shown as owed when Defendant Palisades knows no balance is owed.

37.   Defendant Palisades has promised through its subscriber agreements or contracts to accurately update accounts but Defendant Palisades has willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, FDCPA, and state law, which has resulted in the intended

consequences of this information remaining on Plaintiff's credit reports.

38.   Defendant Palisades assumed a duty, through the subscriber agreement and other actions, to accurately report the balances and this duty was breached in a negligent, wanton, reckless, willful, intentional, and/or malicious manner.

39.   Defendant Palisades has a policy to "park" its accounts on at least one of the consumer's credit report.  This is a term in the industry for keeping a false balance (or false account) on the credit report so that the consumer will be forced to pay off the balance in order to obtain a refinancing or to qualify for a loan or to increase the consumer's credit score from the artificially lowered score which directly resulted from the Defendants' intentional and malicious conduct.

40.   In parking or allowing the parking of an account, all Defendants know they are violating their obligations and duties under federal and state law to accurately report the account and the balance.

41.   Defendant knows that parking a balance will lead to false and defamatory information being published every time the Plaintiff's credit report is accessed and this is the malicious and intentional

design behind Defendants' actions with the goal to force the Plaintiff to pay on an account he does not owe.

42.   Defendant Palisades failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report, concerning the account in question, thus violating state law and FDCPA as set forth in this Complaint.  These violations occurred before, during, and after the dispute process began with the consumer reporting agencies.

43.   Defendant Palisades has taken aggressive actions in a continued effort to collect the alleged debt against Plaintiff.  These actions include the continued reporting of the debt to third parties (even after losing the state court trial), including consumer-reporting agencies, that Plaintiff owed the debt, that Plaintiff defaulted, that the account was in collections with a balance owed, and by assigning the case out to Redline for illegal collection activities against Plaintiff.

44.   The conduct of the Defendants has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

45.     It is a practice of the Defendants to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FDCPA.

46.     All actions taken by employees, agents, servants, or representatives of any type for the Defendants were taken in the line and scope of such individuals (or entities') employment, agency or representation.

47.     All actions taken by the Defendants were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the FDCPA and/or state law and/or that they knew or should have known that their actions were in reckless disregard of the FDCPA and/or state law.

48.     Defendants have engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and consumer reports and as such all Defendants are subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by these Defendants and similar companies.

### FIRST CLAIM FOR RELIEF
### Violations of the Fair Debt Collection Practices Act

49.     All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

50.   Defendants violated the FDCPA in numerous ways, including, but not limited to the following:

   a.   Falsely reporting the debt on Plaintiff's credit reports when Plaintiff does not owe the money; and

   b.   Engaging in collection activities on a debt that Plaintiff does not owe and that Defendants Palisades and Redline are not entitled to collect upon.

   c.   Updating Plaintiff's credit reports to show that plaintiff still owes this money;

   d.   Updating the credit reports to show that the account was past due and in collections;

   e.   Palisades assigning the account to a debt collector (Redline) to collect on after it had lost its lawsuit while attempting to collect this debt.

51.   Because of the violations of the FDCPA, the Defendants are liable to the Plaintiff for declaratory judgment that its conduct violated the FDCPA, and a judgment for Plaintiff's actual damages, statutory damages, costs, expenses, and attorneys' fees.

## SECOND CLAIM FOR RELIEF
### State Law Claims

52.   All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

53.   All Defendants intentionally published false and defamatory information related to the Defendant Palisades account.

54.   Defendants acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff as set forth in this Complaint.   This includes the initial reporting of Defendant Palisades account; the handling of any investigations on the accounts; and all other aspects as set forth in this Complaint.

55.   Palisades assumed a duty, through the subscriber agreement and other actions, to accurately report the balances and account.

56.   Defendants violated all of the duties the Defendants had and such violations were made intentionally, willfully, recklessly, maliciously, wantonly, and negligently.

57.   It was foreseeable, and Palisades did in fact foresee it, that refusing to properly update would cause the exact type of harm suffered by the Plaintiff.

58.   Defendants acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff as

set forth in this Complaint.  This includes the initial reporting of Defendants' accounts; the intentional refusal to properly update the accounts; and all other aspects as set forth in this Complaint.

59.   Defendants invaded the privacy of Plaintiff as set forth in Alabama law, including publishing false information about Plaintiff's personal financial obligations.

60.   The Defendants acted with intentional, reckless, or wanton conduct in attempting to collect this debt (all Defendants) and reporting this false information (Defendant Palisades).

61.   Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this complaint.

62.   As a result of this conduct, action, and inaction of all Defendants, Plaintiff has suffered damage as set forth in this Complaint.

## **RELIEF SOUGHT**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

A.   An award of statutory, actual, compensatory and punitive damages, and costs of the action including expenses, together with reasonable attorney's fees.

B.    Plaintiff also requests all further relief to which Plaintiff is entitled under Federal or State law, whether of a legal or equitable nature.

C.    Jury trial of all issues that are triable by a jury.

Respectfully Submitted,

/s/ John G. Watts
**John G. Watts ASB-5819-T82J**
**Attorney for Plaintiff**

**OF COUNSEL:**
Watts Law Group, PC
700 29th Street South
Suite 201
Birmingham, Alabama 35233
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattslawgroup.com

/s/ M. Stan Herring
**M. Stan Herring ASB-1074-N72M**
**Attorney for Plaintiff**

**OF COUNSEL:**
M. Stan Herring, P.C.
700 29th Street South
Suite 201
Birmingham, Alabama 35233
(205) 714-4443
(888) 522-7167 *facsimile*
msh@mstanherringlaw.com

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

/s/ John G. Watts
**Attorney for Plaintiff**

**Serve defendants via certified mail at the following addresses:**

Redline Recovery Services, LLC
c/o LexisNexis Document Solutions, Inc.
150 S. Perry Street
Montgomery, Alabama 36104

Palisades Collection, LLC
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109

# EXHIBIT

## "A"

## Financial History

| ansaction Date | Transaction Type | Disb Acct | Payment From/To | Batch | Check or Receipt # | Amount | Fee | Money Type | Attorney | Operato |
|---|---|---|---|---|---|---|---|---|---|---|
| 9/11/2006 | R:RECEIPT | | SM01 | 2006188 | 04630400 | 128 | N | P | | PAF |
| 9/11/2006 | Z:FEE ADDED | | SM01 | 2006188 | 00000000 | 128 | N | O | | PAF |

## se Action Summary - 74SM200610077400

| e: | Time | Code | Comments | Operat |
|---|---|---|---|---|
| 1/2006 | 11:41:11 | FILE | FILED THIS DATE: 09/11/2006          (AV01) | PAF |
| 1/2006 | 11:41:12 | ASSJ | ASSIGNED TO JUDGE: TOMMY DOBSON          (AV01) | PAF |
| 1/2006 | 11:41:13 | TDMN | BENCH/NON-JURY TRIAL REQUESTED          (AV01) | PAF |
| 1/2006 | 11:41:14 | STAT | CASE ASSIGNED STATUS OF: ACTIVE          (AV01) | PAF |
| 1/2006 | 11:41:15 | ORIG | ORIGIN: INITIAL FILING          (AV01) | PAF |
| 1/2006 | 11:41:45 | PART | PALISADES COLLECTION LLC ADDED AS C001          (AV02) | PAF |
| 1/2006 | 11:41:46 | ATTY | LISTED AS ATTORNEY FOR C001: IVKER NAOMI ANNE COH | PAF |
| 1/2006 | 11:42:04 | PART | COTTONHAM MOLLY ADDED AS D001          (AV02) | PAF |
| 1/2006 | 11:42:05 | SUMM | CONSTABLE ISSUED: 09/11/2006 TO D001          (AV02) | PAF |
| 1/2006 | 11:42:06 | PARA | SUMMONS AND COMPLAINT GIVEN TO CONSTABLE FOR SERVI | PAF |
| 1/2006 | 11:50:11 | CASP | CASE ACTION SUMMARY PRINTED          (AV02) | PAF |
| 1/2006 | 3:24:53 | ANSW | ANSWER OF COMP DENIED ON 09/21/2006 FOR D001(AV02) | CAR |
| 1/2006 | 3:25:02 | DAT1 | SET FOR: TRIAL - BENCH ON 10/16/2006 AT 1030A | CAR |
| 2/2006 | 9:02:04 | SERC | D001 SERVED AUTHORIZED    ON 09/20/2006 | CAR |
| 3/2006 | 12:00:00 | DOCK | NOTICE SENT: 10/03/2006 IVKER NAOMI ANNE COHEN | CAR |
| 3/2006 | 12:00:00 | DOCK | NOTICE SENT: 10/03/2006 COTTONHAM MOLLY | CAR |
| 7/2006 | 9:26:04 | STAT | CASE ASSIGNED STATUS OF: DISPOSED          (AV01) | CAR |
| 7/2006 | 9:26:05 | CACJ | COURT ACTION JUDGE: TOMMY DOBSON          (AV01) | CAR |
| 7/2006 | 9:26:06 | DISP | DISPOSED ON: 10/16/2006 BY (DISM W/PREDJ) (AV01)  | CAR |
| 7/2006 | 9:26:07 | PDIS | C001 DISPOSED BY (DISM W/PREDJ) ON 10/16/2006 | CAR |
| 7/2006 | 9:26:08 | PDIS | D001 DISPOSED BY (DISM W/PREDJ) ON 10/16/2006 | CAR |
| 7/2006 | 9:26:17 | JNOT | JUDGEMENT NOTICE PREPARED ON D001 | CAR |
| 7/2006 | 9:26:22 | JNOT | JUDGEMENT NOTICE PREPARED ON D001 | CAR |

**END OF THE REPORT**